IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **JAMES ENGLISH,** | § |
| Plaintiff, | § § § |
| v. | § § Civil Action No. 3:23−cv−00086 |
| **FREEDOM MORTGAGE CORPORATION,** | § § § |
| Defendant. | § § |

## MOTION TO DISMISS
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant Freedom Mortgage Corporation ("Freedom" or "Defendant") files this its *Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)* and respectfully shows as follows:

### I. SUMMARY

1. James English ("Plaintiff") filed this action on March 6, 2023, in the 239th District Court of Brazoria County, Texas, as cause number 121886-CV in the matter styled James English v. Freedom Mortgage (the "State Court Action"). (ECF Docket No. 1 at Exhibit B-1.) Freedom removed to this Court on March 16, 2023. (ECF Docket No. 1.)

2. The allegations in Plaintiff's *Original Petition, Application for Temporary Restraining Order, and Temporary Injunction* ("Petition") relate to his default under the terms of a loan agreement and the foreclosure of a deed of trust lien on real property commonly known as 17111 Dewberry Ln, Rosharon, TX 77583 ("Property"). (*See* ECF Docket No. 1 at Exhibit B-1 at ¶¶ 1-2 and 10.) In his Petition, Plaintiff admits to defaulting under the terms of the loan agreement. (*Id.* at ¶ 14.) Plaintiff alleges that Defendant breached the contract by not providing notice to the Secretary of Veterans Administration under 38 USC § 3732. (*Id.* at ¶¶ 14 and 18-

21.) As remedies for these claims, Plaintiff seeks unspecified actual and statutory damages, injunctive relief, attorney's fees, interest, and costs. (*Id.* at prayer.)

3.  Plaintiff has failed to state a claim upon which relief can be granted against Defendant Freedom. Plaintiff fails to plead sufficient facts to support his claims. Plaintiff's requests injunctive relief fail because the foreclosure sale that was scheduled for March 7, 2023 has already been cancelled by Defendant, no future foreclosure sale is currently scheduled, and, without another cause of action, the requested injunctive relief cannot stand on its own. Plaintiff's requests for declaratory judgment fail because the foreclosure sale that was scheduled for March 7, 2023 has already been cancelled by Defendant, no future foreclosure sale is currently scheduled, and, without a substantive cause of action, the requested declaratory judgment cannot stand on its own. Plaintiff's breach of contract claim fails because he failed to plead facts sufficient to support his claim, fails to plead any specific damages that have occurred as a result of the alleged breach, and Plaintiff's breach of contract claim is an improper attempted wrongful foreclosure claim, which Texas does not recognize. As such, all of Plaintiff's claims against Freedom should be dismissed.

## II.  RULE 12(b)(6) STANDARD

4.  Under Rule 12(b)(6), a case must be dismissed when the allegations asserted in the Complaint "fail[] to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Dismissal pursuant to Rule 12(b)(6) is appropriate when it appears no relief can be granted under any set of facts that could be proven consistent with the allegations. *See Heitschmidt v. City of Houston*, 161 F.3d 834 (5th Cir. 1998); *Korte v. Allstate Ins. Co.*, 48 F. Supp. 2d 647, 650 (E.D. Tex. 1999). A plaintiff must plead specific facts in his Complaint; conclusory allegations are insufficient to survive a Rule 12(b)(6) motion to dismiss. *See Kaiser*

*Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)) (stating that "we do not accept as true conclusory allegations in the Petition"). A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Accordingly, dismissal is proper when "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

### III. ARGUMENT AND AUTHORITIES

    a. **Plaintiff's requests for injunctive relief fail because the foreclosure sale complained of has been cancelled, no future foreclosure sale is pending, and without another claim, the injunctive relief cannot stand on its own.**

    5.    Plaintiff requests injunctive relief to stop Defendant from conducting the March 7, 2023 foreclosure sale of the real property that is the subject of his Petition. (*See* ECF Docket No. 1 at Exhibit B-1.) Defendant pulled the property from sale and has not scheduled another sale of the property. Plaintiff's claim that there is an imminent threat of harm from the sale of the property is moot as no current threat exists. Without a threat of imminent harm, injunctive relief is not necessary.

    6.    Additionally, in the absence of a viable substantive claim, injunctive relief is unavailable. (*Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.* 99 F.3d 746, 752 n. 3 (5th Cir. 1996)) The failure of Plaintiff's other claims would automatically cause his request for injunctive relief to fail.

7. As such, Plaintiff's request for injunctive relief fail and his claim should be dismissed.

    **b. Plaintiff's requests for declaratory judgment fail because the foreclosure sale complained of has been cancelled, no future foreclosure sale is pending, and without a substantive cause of action, the requested declaratory judgment cannot stand on its own.**

8. "When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act." (*Bell v. Bank of America Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 U.S. Dist. LEXIS 21274, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) The federal Declaratory Judgment Act does not create a substantive cause of action but, instead, is merely a procedural vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law. (*See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 57 S. Ct. 461, 463, 81 L. Ed. 617 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1178 (5th Cir. 1984).) "In a declaratory judgment action, 'based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties.'" (*Bell*, 2012 U.S. Dist. LEXIS 21274, 2012 WL 568755, at *8 (quoting *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)).)

9. Plaintiff's petition requests declaratory judgment that Defendant does not have the power of sale pursuant to the deed of trust, for the March 7, 2023 foreclosure. (ECF Docket No. 1 at Exhibit B-1 at ¶¶ 22-26.) As stated previously, Defendant has already cancelled the March 7, 2023 foreclosure sale and no future sale is scheduled. Because the subject of the declaration has been eliminated, the requested declaration is not necessary.

10. Additionally, without an underlying substantive cause of action or a substantial and continuing controversy, the request for declaratory relief should be dismissed.

11. As such, Plaintiff's request for declaratory relief should be dismissed.

### c. Plaintiff's breach of contract claim fails because he fails to plead sufficient facts to support his claim, Plaintiff has not plead damages, and it is an improper attempted wrongful foreclosure claim in disguise.

12. In Texas, a breach of contract claim consists of the following elements: "(1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach." (*Pegram v. Honeywell, Inc.*, 361 F.3d 272, 288 (5th Cir. 2004).)

13. Plaintiff's basis for breach of contract hinges on his claim that Defendant failed to comply with 38 USC § 3732 and thus, breached the deed of trust. Other than stating that Defendant didn't provide notice, Plaintiff fails to provide any other evidence or information that would be sufficient to support his claim. (*See* ECF Docket No. 1 at Exhibit B-1.) Without sufficient facts to support Defendant's breach, that element fails and Plaintiff's claim for breach of contract should be dismissed.

14. Plaintiff also failed to plead what damages occurred as a result of the breach. (*See id.*) Plaintiff states generally that the damages sought are within the jurisdictional limits of the court, that attorney's fees have accrued, and that he wants actual and statutory damages, but he never provides any facts sufficient to support any specific finding that he was damaged by the alleged breach. (*See id.*) Plaintiff states what would happen in the future if a foreclosure were to occur, but never states that the breach actually caused him damage. (*Id.* at ¶ 16 and 35.) As Plaintiff has failed to plead facts sufficient to support this element, his breach of contract claim fails and should be dismissed.

15. Additionally, because Plaintiff's claims are based on a failure to provide notice to the Secretary of Veterans Administration which, according to him, caused Defendant to "fail[] to

meet one or more of the conditions 'precedent to foreclose,'" Plaintiff's claim for breach of contract is essentially a claim for attempted wrongful foreclosure.

16. Texas does not recognize a claim for attempted wrongful foreclosure. (*James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 447 (5th Cir. 2013).) Furthermore, a breach of contract claim based on alleged attempted wrongful foreclosure fails as a matter of law because no foreclosure sale has occurred and no injury could have occurred. (*Graham v. Christiana Tr., a Div. of Wilmington Sav. Funds Soc'y, FSB*, No. A-17-CV-292-LY-ML, 2017 WL 7921227, at *5 (W.D. Tex. Aug. 10, 2017), report and recommendation adopted sub nom. *Graham v. Christiana Tr. a division of Wilmington Sav. Funds Soc'y, FSB*, No. 1:17-CV-292-LY, 2017 WL 8181003 (W.D. Tex. Aug. 30, 2017).) Here, Plaintiff does not allege in his Petition that a sale has occurred. (See ECF Docket No. 1 at Exhibit B-1 generally.) As such, Plaintiff's breach of contract claim based on alleged attempted wrongful foreclosure should be dismissed.

17. As a result, Plaintiff's claim for breach of contract fails and should be dismissed.

## PRAYER

For these reasons, defendant Freedom Mortgage Corporation respectfully prays that all of Plaintiff's claims against it in this case be dismissed with prejudice and that the Court grant it all other relief to which it may be entitled.

Respectfully submitted,

*/s/ Bradley Conway*
**Bradley Conway**
Texas Bar No. 24055340
bconway@mgs-legal.com
**Dustin George**
Texas Bar No. 24065287
dgeorge@mgs-legal.com
**MILLER, GEORGE & SUGGS, PLLC**
5601 Democracy Drive, Suite 265
Plano, Texas 75024
Phone: (972) 532-0128
Fax: (214) 291-5507

*Attorney for Defendant Freedom Mortgage Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March 2023, a true and correct copy of the foregoing was served via ECF service on the following counsel:

**Robert "Chip" C. Lane**
notifications@lanelaw.com
*Attorney for Plaintiff*

 */s/ Bradley Conway*
**BRADLEY CONWAY**