United States Courts
Southern District of Texas
FILED

MAY 03 2023

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JAMES ENGLISH** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | **Case No. 3:23-CV-00086** |
| | § | |
| **FREEDOM MORTGAGE CORP.** | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, James English ("Plaintiff"), filing this First Amended Complaint (the "Complaint") complaining of Freedom Mortgage Corporation ("Freedom" or "Defendant") and would show the Court as follows

**SUMMARY**

Defendants sought to foreclose on Plaintiffs' homestead on June 7, 2022. However, Defendants' violations of Texas Constitution art. XVI, § 50(a)(6), governing Home-Equity loans, render Defendants' lien void *ab initio* and thus Defendants lack the authority to foreclose.

The plaintiff, James English, has been subjected to multiple underwriting processes by Freedom Mortgage Corporation after he came out of forbearance. The repeated underwriting processes have resulted in a mortgage price close to $1500 higher than what he was paying before the pandemic. In an attempt to set off the mortgage, English has sent documents to the CEO of Freedom Mortgage under HJR 192, which declares every obligation payable in money of the United States to be discharged upon payment, dollar for dollar, in any coin or currency that is legal tender for public and private debts. English has also claimed that there is no money and has proven it through the Affidavit of Walker F. Todd, who states that confusion about the distinctiveness of money of exchange and money of account has led to persistent attempts to treat them as equivalent, but the monetary base of the economy largely consists of credit instruments.

UCC 603(b) provides a legal mechanism for enforcing negotiable instruments, such as checks or promissory notes. In this case, the Plaintiff James English has provided a negotiable instrument to Freedom Mortgage, and is seeking to enforce it using UCC 603(b). James English has presented a negotiable instrument to Freedom Mortgage, in the form of a Bill of Exchange, Promissory note and a check. The presentation of this negotiable instrument was made under a notary presentment, which means that a notary public was present during the presentation to attest to its validity.

It appears that Freedom Mortgage has not responded to the presentation of the negotiable instrument, and as a result, a certificate of dishonor has been issued. This certificate is a legal document that attests to the fact that the negotiable instrument was presented to the debtor (Freedom Mortgage) for payment or acceptance, but they failed to comply with the terms of the instrument.

As the plaintiff, James English may now seek legal remedies to enforce the negotiable instrument and collect the funds owed to them by Freedom Mortgage. The specific steps and options available to James English will depend on the details of the case and the applicable laws in their jurisdiction.

Mortgage contracts are Investment contracts. If a mortgage loan is considered an investment contract, all parties involved in the contract may have a security interest in the property.

Under the U.S. Securities Act of 1933, an investment contract is defined as an investment in a common enterprise with the expectation of profits primarily from the efforts of others. In the context of a mortgage loan, the borrower invests money in a common enterprise with the lender, and the lender expects to receive profits primarily from the borrower's payment of interest on the loan.

In a mortgage contract, the lender typically has a security interest in the property that is being mortgaged. This means that if the borrower fails to make payments on the loan, the lender has the right to foreclose on the property and sell it to recover the amount owed.

However, in some cases, the borrower may also have a security interest in the property. This is because the borrower has invested money in the property through the down payment and any other payments made towards the mortgage, and therefore has an ownership interest in the property.

Additionally, other parties may have a security interest in the property, such as a title insurance company that has insured the property's title, or a homeowner's association that has a lien on the property for unpaid assessments.

Overall, the concept of a security interest is an important one in mortgage contracts, as it determines the parties' rights and obligations in the event of default or foreclosure.

Section 2.004 of the Texas Business and Commerce Code provides that a contract is enforceable if it is "sufficiently certain to enable a court to understand the parties' obligations and to enforce the agreement." This is similar to the concept of certainty of terms in Section 1624 of the California Civil Code, which

requires that the essential terms of a contract be reasonably certain and definite in order for the contract to be enforceable.

Additionally, Section 2.201 of the Texas Business and Commerce Code provides rules on the formation of contracts for the sale of goods, which is similar to Section 2201 of the Uniform Commercial Code (UCC). The UCC is a uniform set of laws governing commercial transactions that has been adopted in some form by all 50 U.S. states, including Texas. These Fact should be considered so we understand who has jurisdiction and the statute of fraud that when I went to closing I was made a third party to the loan modification contract to the polling and service agreement. The proof of this where my payments are going. Mortgage payments go to the investor as a cash flow claim, they are not going to servicing company the servicing company passes them on to the investor

Title 15, Section 78a of the U.S. Code is also known as the Securities Exchange Act of 1934. Section 10 of that Act, codified at 15 U.S.C. § 78j, prohibits fraudulent and manipulative practices in connection with the purchase or sale of securities, including mortgage-backed securities.

If you have invested in a mortgage that has a maturity of more than nine months, such as a mortgage-backed security, your security interest in the mortgage will depend on the terms of the investment contract or agreement that you have entered into.

Generally speaking, if you have invested in a mortgage-backed security, you may have a security interest in the underlying mortgages that make up the security. However, the nature and extent of your security interest may be limited by the terms of the investment contract or agreement, as well as by state and federal law.

For example, the Trust Indenture Act of 1939, codified at 15 U.S.C. §§ 77aaa-77bbbb, provides protections for holders of publicly-traded debt securities, including mortgage-backed securities, that have maturities of more than nine months. Among other things, the Trust Indenture Act requires the appointment of a trustee to act on behalf of the bondholders, and requires certain disclosures to be made to bondholders about the terms of the securities.

In addition, state law may provide additional protections for investors in mortgage-backed securities. For example, in some states, the Uniform Securities Act may require the registration of securities offerings with the state, and may provide remedies for investors in the event of fraud or misrepresentation.

Overall, the specific nature and extent of your security interest in a mortgage-backed security will depend on the terms of the investment contract or agreement, as well as on state and federal law.

Under the Federal Trade Commission's (FTC) rule on Preservation of Consumers' Claims and Defenses, which is codified at 16 CFR § 433.2, consumers have the right to assert claims and defenses against both the original creditor and any assignee of the credit contract, including a mortgage company.

This means that if a consumer has a legitimate claim or defense against the original creditor, such as a claim of fraud or misrepresentation, or a defense based on a breach of contract, that claim or defense can still be asserted against a mortgage company that has acquired the loan through assignment or purchase.

In other words, the mortgage company does not have greater rights than the original creditor, and the consumer is not prevented from raising claims or defenses against the mortgage company simply because it is a subsequent assignee of the loan.

The purpose of the FTC's rule is to protect consumers from unfair or deceptive acts or practices by creditors, and to ensure that consumers are not stripped of their legal rights simply because their loan has been assigned or sold to another party

Therefore the plaintiff has a claim in recruitment in accordance with Uniform Commercial Code 3-305 in addition Uniform Commercial Code 3-306 plaintiff has the right to proprietary and possesionary & property interest in the note and it proceeds with the right to rescind

The Federal Code of Electronic Regulations, specifically Appendix § 226.23, establishes the right of a borrower to rescind certain mortgage transactions. The Code requires the creditor, or any assignee of the creditor, to provide the borrower with two copies of a notice of right to rescind and the required rescission form at the time of the transaction.

The notice of right to rescind and the rescission form must accurately disclose the borrower's right to rescind the transaction within a certain timeframe (usually three business days), and the specific procedures that the borrower must follow to exercise this right.

If the creditor or assignee fails to provide the borrower with the required notice and form, or if the notice and form contain inaccuracies or omissions, the borrower's right to rescind the transaction may be extended up to three years after the closing date.

The purpose of this requirement is to ensure that borrowers are fully informed of their right to rescind the transaction, and to provide them with the necessary information and forms to exercise this right. By providing the borrower with the notice and form, the creditor or assignee is fulfilling its obligation to inform the borrower of their rights and to provide them with the necessary means to exercise those rights.

In summary, the holder of the mortgage must provide the borrower with accurate information about their right to rescind the transaction, including the procedures that must be followed to exercise this right, in order to comply with the Federal Code of Electronic Regulations.The Federal Code of Electronic Regulation H-8 & H-9 that you can rescind when it goes into foreclosure with the knowledge that your in a investment contract.

National Currency act SEC. 27. *And be it further enacted*, That it shall be unlawful for any officer acting under the provisions of this act to countersign or deliver to any association, or to any other company or person, any circulating notes contemplated by this act, except as herein before provided, and in accordance with the true intent and meaning of this act. And any officer who shall violate the provisions of this section shall be deemed guilty of a high misdemeanor, and on conviction thereof shall be punished by fine not exceeding double the amount so countersigned and delivered, and imprisonment not less than one year and not exceeding fifteen years, at the discretion of the court in which he shall be tried.

Lastly, Section 3 of a deed of trust in Texas typically outlines the borrower's obligations with respect to the repayment of the mortgage loan. While the exact language may vary depending on the specific deed

of trust, it's possible that Section 3 could include a provision that allows the borrower to pay the loan in full at maturity.

In general, a mortgage loan agreement will specify a certain term or length of time for the loan, after which the borrower will be required to repay the entire remaining balance of the loan. This is known as the "maturity" date of the loan. If the deed of trust in Texas includes a provision that allows the borrower to pay the loan in full at maturity, this means that the borrower has the option to pay off the remaining balance of the loan in a lump sum at the end of the loan term. Therfore how can a mortgage be in foreclosure

## PARTIES

1. Plaintiff is a Private citizen / natural person domiciled at 17111 Dewberry Ln, Rosharon, Texas 77583-7957.

2. Defendant has already appeared in this case through counsel.

## FACTS

3. Plaintiff owns the property commonly referred to as 17111 Dewberry Ln, Rosharon, Texas 77583-7957 recorded as LOT 34, BLOCK 5, OF CORRECTIVE PLAT OF SUNCREEK RANCH, SECTION 2, A SUBDIVISION IN BRAZORIA COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 22, PAGE 383 OF THE MAP RECORDS OF BRAZORIA COUNTY, TEXAS. This Property is his homestead.

4. On or about October 12, 2017, Plaintiff entered into a security agreement ("Deed of Trust") with Georgetown Mortgage LLC. This is a VA loan. *See* Exhibit 1.

5. Defendant is the current mortgagee and loan servicer and sought to foreclose on Plaintiff's homestead on March 7, 2023.

6. Freedom Mortgage has been presented a negotiable instrument and refused to respond

7. Freedom Mortgage Improper foreclosure procedures: The foreclosure process is highly regulated, and if the mortgage company does not follow the proper procedures, it could be considered an unjust foreclosure.

8. Predatory lending practices: If the mortgage company engages in predatory lending practices, such as hiding fees, charging excessive interest rates, or misrepresenting loan terms, it could lead to an unjust foreclosure.
9. Clogging Provision seems to being attempted to extinguish my equity redemption if there allowed to sell my security. Not allowing me to redeem the loan form the investment contract
10. Furthermore all mortgages are Section 2038 of the Internal Revenue Code deals with the treatment of property that has been transferred by a donor but that the donor retains certain powers or interests in the property. Specifically, Section 2038 provides that if the donor retains the power to alter, amend, or revoke the transfer, or if the donor retains the right to enjoy the property or the income from the property, then the property will be included in the donor's estate for estate tax purposes when the donor dies.

Section 2514 of the Internal Revenue Code deals with the treatment of certain gifts made by a donor. Specifically, Section 2514 provides that if the donor makes a gift but retains certain powers or interests in the gifted property, then the gift may not be considered complete for gift tax purposes.

## CAUSES OF ACTION

## ATTORNEY'S FEES

11. I am now representing myself in a foreclosure case because my legal counsel has removed himself from the case and the judge has allowed him to do so. Unfortunately, I do not have the financial means to hire a new attorney to represent me in this matter. Therefore, I will be navigating this legal process on my own. While this is not ideal, I am committed to doing everything in my power to defend myself and protect my rights as a homeowner. I will do my best to educate myself on the relevant laws and procedures, and I am hopeful that I will be able to present a strong case to the court. However I am seeking damages

Blank page

- J.M, JSS

from Freedom Mortgage to tender payment to the Lane law fimr that has dismiss from the case.

## DEMAND FOR JURY TRIAL

12. Plaintiff hereby demands a jury trial and will tender the requisite fee as required prior to trial.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer, and the following order be entered:

a.

b. All the other relief to which Plaintiffs deem themselves entitled.

Respectfully submitted this ___ day of ______________ 2023.

Respectfully submitted,

By:______________________

**EXHIBITS**
Exhibit 1 – Deed of Trust
Exhibit 2 – National Currency Act section 27
Exhibit 3 - Certificate of Dishonor
Exhibit 4 - Affidavit of Walker F Todd Expert Witness For Defendants Case # 03-047448-CZ