United States District Court
Southern District of Texas
**ENTERED**
August 18, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| JAMES ENGLISH, § § § § § § § § § § § | |
| Plaintiff. | |
| v. | CIVIL ACTION NO. 3:23-cv-00086 |
| FREEDOM MORTGAGE CORPORATION, | |
| Defendant. | |

## MEMORANDUM AND RECOMMENDATION

Defendant Freedom Mortgage Corporation ("Freedom Mortgage") has filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 16. Plaintiff James English ("English") has responded to the motion and Freedom Mortgage has filed a reply. For the reasons set forth below, I recommend that the motion be **GRANTED** and this case be dismissed.

## BACKGROUND

At the outset of this litigation, English was represented by counsel. His counsel withdrew from the case in March 2023. Since that time English has represented himself pro se in this matter. On May 3, 2023, English filed a First Amended Complaint. Dkt. 12.

The First Amended Complaint is an eight-page document that is tough to decipher. From what I can discern from the First Amended Complaint, English owns property at 17111 Dewberry Lane, Rosharon, Texas 77583. English alleges that on October 12, 2017, he entered into a security agreement, and that Freedom Mortgage "is the current mortgagee and loan servicer and sought to foreclose on [his] homestead on March 7, 2023." Dkt. 12 at 5. Elsewhere in the First Amended Complaint is an allegation that Freedom Mortgage "sought to foreclose on [his] homestead on June 7, 2022." *Id.* at 1. Whatever the case, English appears to complain that his mortgage payments are much higher now than they were before

the COVID-19 pandemic. *See id.* ("The repeated underwriting processes have resulted in a mortgage price close to $1500 higher than what [English] was paying before the pandemic."). He also suggests that Freedom Mortgage has engaged in "[i]mproper foreclosure procedures" and "[p]redatory lending practices." *Id.* at 5–6.

English does not, however, assert a single cause of action against Freedom Mortgage. The Cause of Action section in the First Amended Complaint is notably blank:



*Id.* at 6.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party is entitled to dismissal when the opposing party fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. In reviewing a Rule 12(b)(6) motion, I must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *See Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017). Legal conclusions, however, are not entitled to the same presumption of truth. *See Iqbal*, 556 U.S. at 680. Although pro se plaintiffs are held "to a more lenient standard than lawyers when analyzing complaints, . . . pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

## ANALYSIS

To start, let me say that I give pro se litigants substantial leeway in the prosecution of their cases. I understand that it is not easy for pro se litigants, who have little or no familiarity with the intricacies of our judicial system, to navigate the federal courts. Heck, many lawyers who have practiced for years have been tripped up by the nuances of the rules and procedures present in our federal courts. Even so, a pro se litigant, like English, must state a claim upon which relief can be granted.

Although the Cause of Action section in the First Amended Complaint is noticeably blank, I will give English's allegations liberal construction to ensure that any cognizable claims are not unfairly dismissed because of his unfamiliarity with the law.

In the factual section of the First Amended Complaint, English contends that Freedom Mortgage is responsible for improper foreclosure procedures:

> Freedom Mortgage Improper foreclosure procedures: The foreclosure process is highly regulated, and if the mortgage company does not follow the proper procedures, it could be considered an unjust foreclosure.

Dkt. 12 at 5. What English fails to do is set forth any facts to support this naked assertion. He does not explain what procedures he is referring to or explain why

Freedom Mortgage's foreclosure procedures are allegedly improper. Providing English the benefit of the doubt, I will assume that he is attempting to advance a wrongful foreclosure claim. To bring a wrongful foreclosure claim, English must show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). Not one of those elements is present here. English cannot maintain a wrongful foreclosure claim when no foreclosure occurred. *See Foster v. Deutsche Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017) ("[A] party cannot state a viable claim for wrongful foreclosure if the party never lost possession of the Property." (quotation omitted)). Additionally, "Texas law provides no independent cause of action for 'attempted wrongful foreclosure.'" *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 562 (N.D. Tex. 2021).

The factual section of the live pleading also appears to make a claim for predatory lending practices:

> Predatory lending practices: If the mortgage company engages in predatory lending practices, such as hiding fees, charging excessive interest rates, or misrepresenting loan terms, it could lead to an unjust foreclosure.

Dkt. 12 at 6. Once again, English fails to allege any facts to support this claim. What practices is he referring to? How are such practices predatory? Without more, Freedom Mortgage has no way to respond. And even if English had more specifically described the so-called predatory lending practices, he faces an insurmountable legal obstacle: "No Texas court has recognized an independent cause of action for 'predatory lending.'" *Belanger v. BAC Home Loans Servicing, L.P.*, 839 F. Supp. 2d 873, 876 (W.D. Tex. 2011).

Lastly, I note that one sentence in the First Amended Complaint complains that Freedom Mortgage has violated article XVI, § 50 of the Texas Constitution. Section 50 provides a list of requirements that a home equity loan must meet to be valid and enforceable against homestead property. English does not bother to explain how Freedom Mortgage has allegedly violated § 50 or which specific

4

provision of § 50 is at issue. The § 50 allegations are cursory and fail to meet the pleading standards required to state a claim under Rule 12(b)(6).

Even with the lenient treatment I must afford a pro se litigant, English's allegations are nowhere near enough to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This case should be dismissed.[1]

## CONCLUSION

For the reasons identified above, I recommend that Freedom Mortgage's motion to dismiss (Dkt. 16) be **GRANTED**. I also recommend that English's motion to dismiss, which is fairly read as a motion for leave to amend his complaint (Dkt. 25), be **DENIED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 18th day of August 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] As an aside, I note that English recently filed a "Motion to Dismiss" that perplexingly states it is English's "First Amended Complaint." Dkt. 25 at 2. Candidly, I am not sure what to make of this document, as the rest of the pleading is rambling and nonsensical. To the extent English seeks dismissal of this case, this document is rendered moot by the fact that I am already recommending dismissal by way of Freedom Mortgage's motion to dismiss. To the extent English is actually seeking to amend his complaint and not dismiss this action, that request should be denied. English has already amended his complaint once as a matter of course. *See* Dkt. 12. More importantly, this new document adds no clarity, substance, or causes of action. Thus, it would be futile to permit amendment. *See Rio Grande Royalty Co. v. Energy Transfer Partners*, 620 F.3d 465, 468 (5th Cir.2010) ("The trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss.").